David A. Tango, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
(973) 577-6260
(973) 577-6261 (fax)
David.Tango@lewisbrisbois.com
*Attorneys for Defendant*
*Allstate Power Vac, Inc.*
*d/b/a ACV Enviro Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORMA VARELA,<br><br>    Plaintiff,<br><br>ABRAHIM RADWAN<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE POWER VAC, INC. d/b/a ACV ENVIRO CORPORATION, CORPORATIONS 1-5 and JOHN DOES 6-10,<br><br>    Defendants. | **CIVIL ACTION NO.** 19-cv-20019 |

## NOTICE OF REMOVAL

Defendant Allstate Power Vac, Inc. d/b/a ACV Enviro Corporation ("Defendant"), by and through their undersigned counsel, hereby removes this action from the Superior Court of New Jersey, Law Division, Union County, to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, *et seq.* based on the following grounds.

## BACKGROUND

1. On October 10, 2019, Plaintiffs Norma Varela ("Varela") and Abrahim Radwan ("Radwan") (collectively "Plaintiffs") filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-3534-19 (the "State Court Action").

2. Defendant has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

3. Attached hereto as **Exhibit A** are true and correct copies of the Complaint, Case Information Statement, and Track Designation Notice. These documents constitute all the process, pleadings, and orders filed in the State Court Action to date.

## TIMELINESS OF REMOVAL

4. On October 10, 2019, counsel for Plaintiff, Lisa A. Thomas, Esq. of Forman, Cardonsky & Tsinman, faxed a copy of the Complaint to Richard B. Ziskin, Esq., an attorney who has previously represented Defendant in other matters. *See* **Exhibit B**.

5. The removal of this action is timely because it was accomplished within 30 days of the date on which Defendant became aware of the filing of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

## JURISDICTIONAL BASIS FOR REMOVAL
### Federal Question and Supplemental Jurisdiction

6. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013).

7. Plaintiffs' Complaint seeks to allege multiple causes of action arising out of their employment, which include causes of action under the New Jersey Wage and Hour Law

("NJWHL"), N.J.S.A. § 34:11-56a (Count One) for the alleged failure to pay overtime, the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1, *et seq.* (Count Two), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*(Counts Three and Four) for the alleged failure to pay overtime and purported retaliation for engaging in alleged protected activity.

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint involves and is predicated upon a federal question, Plaintiffs' claims under the FLSA.

9. Additionally, where a complaint alleges causes of action under both federal and state law, district courts have supplemental jurisdiction over the state law claims where the state law claims are so related to the federal law claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. Federal and state law claims form a part of the same case or controversy when they arise out of a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966).

10. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims under the NJWHL and CEPA because they arise out of the same set of facts as Plaintiffs' federal law claim, specifically, the alleged factual circumstances surrounding Plaintiffs' allegation that the Defendant failed to adequately compensate Plaintiffs.

11. Plaintiffs' state law claims do not raise novel or complex issues of state law or substantially predominate over their federal claims. *See* 28 U.S.C. § 1367(c).

12. Accordingly, Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

13. Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey (Newark Vicinage) is the proper venue for removal jurisdiction because it embraces the place where this action is pending.

## MISCELLANEOUS ISSUES

14. Written notice of the filing of this Notice of Removal is being forwarded to Plaintiffs' counsel as well as to the Clerk of the Court for the Superior Court of New Jersey, Law Division, Union County, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

15. By filing this Notice of Removal, Defendant does not waive any defense that may be available and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

**WHEREFORE,** Defendant hereby removes the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Union County, to the United States District Court for the District of New Jersey and requests that this Court assume full jurisdiction over this cause of action as provided for by law.

Dated: November 8, 2019

        Respectfully submitted,

        LEWIS BRISBOIS BISGAARD & SMITH LLP

        __s/ David A. Tango_____
        David A. Tango, Esq.
        One Riverfront Plaza, Suite 800
        Newark, New Jersey 07102
        T: 973-577-6260
        F: 973-577-6261
        David.Tango@lewisbrisbois.com
        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, David A. Tango, hereby certify that on this date, I caused the within Notice of Removal (along with Exhibits A through C thereto) and this Certificate of Service to be electronically filed with the Clerk of the United States District Court for the District of New Jersey.

In addition, I certify that on this date, I caused a true and correct copy of Defendant's Notice of Filing of Notice of Removal (with the foregoing Notice of Removal and this Certificate of Service attached thereto as Exhibit A) to be served on counsel for Plaintiffs via email and Fed Ex at the address specified below.

Samuel Tsinman, Esq.
FORMAN, CARDONSKY & TSINMAN
701 Westfield Avenue
Elizabeth, New Jersey 07208
SAM@FORMANFIRM.COM
*Attorneys for Plaintiffs*

In addition, I certify that on this date, I caused a true and correct copy of the foregoing Defendant's Notice of Filing of Notice of Removal (with the foregoing Notice of Removal and this Certificate of Service attached thereto as Exhibit A) to be served on the Clerk of the Court, Superior Court of New Jersey, Law Division, Union County via Fed Ex at the address specified below.

Clerk of the Court
Superior Court of New Jersey
Law Division, Union County
2 Broad Street
Elizabeth, New Jersey 07207

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 8, 2019                    s/ David A. Tango_____
                                                                        David A. Tango

4843-1257-0540.2