# EXHIBIT A

SAMUEL TSINMAN, ESQ. (00829-2011)
FORMAN, CARDONSKY & TSINMAN, Esq.
701 Westfield Avenue
Elizabeth, New Jersey 07208
Telephone: (908) 353-6500
Fax: (908)353-5328
Attorney(s) for the Plaintiff(s)

| | |
|---|---|
| **NORMA VARELA**<br>**Plaintiff,**<br><br>**ABRAHIM RADWAN**<br><br>**Plaintiff,**<br>v.<br><br>**ALLSTATE POWER VAC, INC.**<br>**d/b/a/ ACV ENVIRO**<br>**CORPORATION, CORPORATIONS**<br>**1-5 and JOHN DOES 6-10,**<br>**Defendants.** | SUPERIOR COURT OF NEW JERSEY: LAW<br>DIVISION: UNION COUNTY<br><br>Docket No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND;**<br>**DESIGNATION OF TRIAL ATTORNEY** |

This action is brought under the New Jersey Wage and Hour Law, as set forth in N.J.S.A. 34:11-56a et seq. and 29 U.S.C. 201 et seq, the Conscientious Employee Protection Act set forth in N.J.S.A. 34:19-1 et seq., and the the Fair Labor Standards Act as set forth in 29 U.S.C. 201 et seq.

Plaintiffs, **Norma Varela**, (hereinafter "Varela), residing at 922 Washington Ave., City of Roselle, State of New Jersey, and **Abrahim Radwan**, (hereinafter "Radwan") residing at 102 Hagaman Street, City of Carteret, State of New Jersey, by way of Complaint against the Defendant, **All State Power Vac Inc.**, **d/b/a/ ACV Enviro, Corp.** (hereinafter "Enviro") says,

**FACTUAL ALLEGATIONS COMMON TO BOTH PLAINTIFFS**

1. Enviro is an environmental/industrial cleaning and waste

management company, with branch offices located at 36 Butler St. in Elizabeth New Jersey and 180 Varick Ave. in Brooklyn, New York.

2. Enviro is hired as a contractor and/or emergency responder by Con Edison, PSE&G, and other similarly situated companies.

3. Plaintiffs are employed as the only dispatchers at Enviro's Elizabeth location.

4. Dispatchers at Enviro's Elizabeth location are paid as salaried employees.

5. Each morning, the dispatchers meet with the General Manager, the Operations Manager, the Billing Department, and the Project Coordinators. The Project Coordinators tell the dispatchers what jobs are on the schedule for the day, the number and skill requirements of workers that are needed to report to each job site, and what type of equipment is needed at each site.

6. The dispatchers then issue a daily roster that indicates the names of the workers and the equipment going to each site, and contact the employees who have the skills required by the project coordinators to see if they can work.

7. Dispatchers keep records of the equipment and employee's location and times of arrival and departure at sites, and reports any indiscretions to upper management.

8. Dispatchers also keep equipment and personnel rosters, and

update them as needed.

9. Enviro's Employee Handbook/Policy Manual classifies dispatchers as non-exempt hourly employees, and entitles them to overtime compensation at a rate of time and a half for all time worked over 40 hours.

10. Plaintiff's paychecks identify them as hourly employees.

11. Each workday, Plaintiffs are required to log in to an ADP account to report the number of hours worked.

12. Beginning on or about April 26, 2019, both Varela and Radwan have been required to be "on call" nights and weekends.

13. Enviro's Employee Handbook/Policy Manual requires that employees scheduled for "stand by" or "on call" receive "stand-by-pay".

14. Plaintiffs have not received any compensation for their on call time.

15. Defendants have threatened to terminate Plaintiffs employment should they fail to respond to on-call weekend and night dispatching requests.

16. On July 11, 2019, this office made a demand to counsel for Enviro that Plaintiff's be paid overtime compensation.

17. Immediately following receipt of such demand, Defendants have excluded Plaintiffs from meetings and necessary information required to effectively perform their jobs.

18. Directly after receiving the demand to be paid overtime

compensation, Project Coordinators ceased to communicate with and/or speak to Plaintiffs, impeding their ability to do their jobs.

**FACTUAL ALLEGATIONS PARTICULAR TO RADWAN**

19. Radwan's employment with Enviro began in July of 2017 at the Brooklyn location.

20. He was hired as a dispatcher, paid on an hourly basis of $17 per hour, and received overtime compensation for hours worked in excess of 40 in a workweek.

21. On or about September 10, 2018, Radwan was transferred to the Elizabeth NJ location.

22. Upon his transfer, he received a salary of $50,000 per year and was told that he would work 40 hours a week.

23. Radwan has consistently been scheduled to work over 40 hours per week and was not paid overtime compensation.

24. The amount of overtime owed to Radwan exceeds $15,000.

**FACTUAL ALLEGATIONS PARTICULAR TO VARELA**

25. On or about December 4, 2017, Varela was hired to work 40 hours a week, at a pay rate of gross earnings of $1250 per week, which amounts to $65,000 per year.

26. Immediately after being hired, Varela was scheduled to work in excess of 40 hours per week.

27. Varela was not compensated for overtime.

28. In November of 2018, Varela approached her General

      Manager, Chris Simon, and inquired as to why her paychecks listed her as an hourly employee and why she was working more than 8 hours a day.

29. Mr. Simon acknowledged the discrepancy and indicated that he would report it to the Vice President, Matt Ward.

30. Varela also approached Mr. Ward directly with her questions, and was told that she was a salaried employee and would not be required to work more than 8 hours per day. Mr. Ward also promised to hire another employee to assit her, thereby enabling her to keep a 40-hour workweek.

31. Directly following these discussions, Varela was scheduled for 8-hour work shifts, but was prevented from leaving the job at their end of her shift and was told that she was required to stay until the work was finished.

32. In January of 2019, Varela's weekly pay was increased to gross earnings of $1275 per week.

33. The amount of overtime pay owed to Varela exceeds $15,000.

## COUNT ONE
### (New Jersey Wage and Hour Law- Failure to Pay Overtime)

1. Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

2. Plaintiffs worked a significant amount of overtime and on-call time while employed with Defendant.

3. At all relevant times, Defendant has known that it was required to pay overtime compensation to Plaintiffs.

4. Defendants failed to pay overtime to Plaintiff Varela commencing in December 2017, and Plaintiff Radwan commencing in September 2018, and continue to refuse to pay such in violation of *N.J.S.A. 34:11-56* et seq.

5. Plaintiffs are not employed in a bona fide executive, administrative, or professional capacity within the meaning of the New Jersey Wage and Hour Law.

6. Defendants actions constitute a violation of the New Jersey Wage and Hour Law, as set forth in N.J.S.A. 34:11-56a et seq.

**WHEREFORE**, the Plaintiffs, demand judgment against Defendants, **ALLSTATE POWER VAC, INC. d/b/a/ ACV ENVIRO CORPORATION, CORPORATIONS 1-5 and JOHN DOES 6-10**, for:

1. damages -compensatory, consequential, incidental;

2. punitive damages;

3. interest - prejudgment and post-judgment;

4. costs of suit; and

5. equitable relief;

6. back pay;

7. front Pay;

8. loss of benefits;

9. civil penalties as prescribed by law;

10. such other relief as the Court may deem proper.

### COUNT TWO
### (CEPA)

1. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

2. At all times mentioned Defendant was an employer within the meaning of the Conscientious Employee Protection Act set forth in N.J.S.A. 34:19-1 et seq.

3. Plaintiffs engaged in protected activity by retaining counsel to assert their rights and expose Defendants wrongful actions and illegal activity.

4. Defendants retaliated against Plaintiffs for engaging in protected activity by threatening to terminate them if they did not respond to on-call requests on nights and weekends and excluding them from meetings and communications essential to the performance of the job as dispatcher.

4. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue in the future to suffer loss of income and benefits, consequential and incidental damages and severe mental and emotional distress.

**WHEREFORE**, the Plaintiffs, demand judgment against Defendants, **ALLSTATE POWER VAC, INC. d/b/a/ ACV ENVIRO CORPORATION, CORPORATIONS 1-5 and JOHN DOES 6-10**, for:

1. damages -compensatory, consequential, incidental;

2. punitive damages;

3. interest - prejudgment and post-judgment;

4. costs of suit; and

5. equitable relief;

6. back pay;

7. front Pay;

8. loss of benefits;

9. civil penalties as prescribed by law;

10. such other relief as the Court may deem proper.

## COUNT THREE
### (Fair Labor Standards Act- Failure to Pay Overtime)

1. Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

2. Defendant constitutes an enterprise within the meaning of 29 U.S.C. 207 et seq.

3. Enviro is an employer engaged in the business of commerce, pursuant to 29 U.S.C. 207 et seq

4. Plaintiffs performed work in excess of 40 hours per week and were not paid overtime compensation in violation of 29 U.S.C. 207 et seq.

7. Plaintiffs are not employed in a bona fide executive, administrative, or professional capacity within the meaning of the Fair Labor Standards Act as set forth in 29 U.S.C. 201 et seq.

5. Plaintiff's damages exceed $15,000.

8. Defendants' actions constitute a violation of the Fair Labor Standards Act as set forth in 29 U.S.C. 201 et seq.

**WHEREFORE**, the Plaintiff, demands judgment against Defendants, **ALLSTATE POWER VAC, INC. d/b/a/ ACV ENVIRO CORPORATION, CORPORATIONS 1-5 and JOHN DOES 6-10**, for:

1. damages -compensatory, consequential, incidental;
2. punitive damages;
3. interest - prejudgment and post-judgment;
4. costs of suit; and
5. equitable relief;
6. back pay;
7. front Pay;
8. loss of benefits;
9. civil penalties as prescribed by law; and
10. such other relief as the Court may deem appropriate.

### COUNT FOUR
### (Fair Labor Standards Act – Unlawful Adverse Employment Action)

1. Plaintiffs repeat and re-allege each of the allegations set forth above as if fully set forth herein.

2. Plaintiffs engaged in protected activity by retaining counsel to assert their rights to be paid overtime and/or on call compensation.

3. Defendants tool adverse employment actions against Plaintiffs by threatening to terminate their employment if they did not respond to on call calls on nights and weekends and excluding them from meetings and communications in a way that impeded their ability to effectively perform the functions of their jobs.
4. The adverse employment action was caused by Plaintiff's engagement in protected activity.

**FORMAN, CARDONSKY & TSINMAN**

/s/ Samuel Tsinman

Samuel Tsinman, Esq.

Dated: October 3, 2019

### JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiff hereby demands a Trial by Jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

**PURSUANT** to Rule 4:25-4, Samuel Tsinman, Esq., is hereby designated as trial counsel of the within matter.

### C E R T I F I C A T I O N

Pursuant to the requirements of Rule 4:5-1, I the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter

of the controversy referred to in the within pleading is not the subject of any other Causes of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

    1.    OTHER ACTIONS PENDING?    Yes \_    NO X

        A.    If YES - Parties to other Pending Actions.

        B.    In my opinion, the following parties should be joined in the within pending Cause of Action.

    2.    OTHER ACTIONS CONTEMPLATED?    YES \_    NO X

        A.    If YES - Parties contemplated to be joined, in other Causes of Action.

Plaintiff will be filing a claim in Worker's Compensation Court.

    3.    ARBITRATION PROCEEDINGS PENDING?    YES \_    NO X

        A.    If YES - Parties to Arbitration Proceedings.

        B.    In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

    4.    OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?    YES \_  NO X

        A.    If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any changes as to any facts stated herein, I shall file an amended certification and serve a copy

thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

                                  FORMAN, CARDONSKY & TSINMAN

                                  BY:   /s/ Samuel Tsinman
                                            Samuel Tsinman

DATED: October 3, 2019

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-003534-19

**Case Caption:** VARELA NORMA VS ALLSTATE POWER VAC, INC
**Case Initiation Date:** 10/10/2019
**Attorney Name:** SHMUEL TSINMAN
**Firm Name:** FORMAN CARDONSKY TSINMAN LLC
**Address:** 701 WESTFIELD AVE
ELIZABETH NJ 07208
**Phone:** 9083536500
**Name of Party:** PLAINTIFF : Varela, Norma
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES
**If yes, is that relationship:** Employer/Employee   Co-workers
**Does the statute governing this case provide for payment of fees by the losing party?** YES
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO     Title 59? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/10/2019                                                              /s/ SHMUEL TSINMAN
Dated                                                                                    Signed

```
UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH          NJ 07207
                                       TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    OCTOBER 10, 2019
                         RE:      VARELA NORMA  VS ALLSTATE POWER VAC,  INC
                         DOCKET: UNN L -003534 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ALAN G. LESNEWICH

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (908) 787-1650.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: SHMUEL TSINMAN
                                   FORMAN CARDONSKY TSINMAN LLC
                                   2353 ST. GEORGES AVE
                                   RAHWAY           NJ 07065

ECOURTS
```